# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 12, 2022

Lyle W. Cayce
Clerk

No. 21-50876
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

GUSTAVO VILLEGAS,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:19-CR-2647-2

---

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Gustavo Villegas pleaded guilty to conspiracy to possess with intent to distribute less than 500 grams of cocaine. The district court sentenced Villegas to 70 months of imprisonment and a three-year term of supervised release. Villegas argues that the district court erred in adopting the cash-to-

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

drugs conversion used in the presentence report (PSR). The district court's drug quantity calculation is a factual determination reviewed for clear error. *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). The district court may consider any information that has a sufficient indicia of reliability. *Id.* at 247.

On appeal, Villegas argues that the case agent's information that the defendants were selling bags containing 0.5 grams of cocaine for $20 was unsubstantiated. Villegas has not produced any evidence outside of the PSR to challenge information in the PSR. The challenged information came from a case agent. The assertion that the case agent conducted surveillance and made controlled drug buys is substantiated by the warrant application. *See United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007). Villegas's arguments present a factual dispute between the specific statement of the case agent, supported by the probable cause affidavit, and the general statement of his codefendant regarding cocaine prices. We may not reweigh the competing evidence. *See United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011). Nothing that Villegas has presented supports a definite finding that the district court made a mistake in determining drug quantity by adopting the cash-to-drugs conversion rate. *See id.*

The judgment of the district court is AFFIRMED.